UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-2813-SIMONTON

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

ARMANDO CASTRO ISER,

 Defendant.
_____/

### ORDER FINDING THE DEFENDANT IS INCOMPETENT TO PROCEED
### AND
### COMMITTING HIM TO THE CUSTODY OF THE ATTORNEY GENERAL
### FOR TREATMENT

 This matter came before the Court for a hearing regarding Defendant Armando Castro Iser's competency to proceed in the instant matter.  Previously, Mr. Castro Iser appeared before the undersigned Magistrate Judge for his initial appearance on June 8, 2010, and for a detention hearing on June 11, 2010.  The Office of the Public Defender was appointed to represent the Defendant at his initial appearance.  At that time, based upon the pretrial services report, the circumstances of the charges, and the Defendant's behavior in court, the Government suggested that the Court consider ordering a competency evaluation.  Defense counsel requested that the decision be deferred until the next court appearance to give her an opportunity to meet with the Defendant before taking a position on this issue.

 At the next court appearance, on June 11, 2010, defense counsel advised the Court that she had spoken with the Defendant, and based upon the circumstances, moved, ore tenus, for the Court to order a competency evaluation.  Defense counsel stated that the Defendant concurred with this request.  Based thereon, as well as the

Court's own observations of Mr. Castro Iser in court, the undersigned granted the motion for competency evaluation and ordered the Government to have Mr. Castro Iser, who was being held in pretrial detention, evaluated by a qualified psychiatrist or psychologist to determine his competency to understand the Court proceedings pursuant to 18 U.S.C. §§ 4241, 4247 (b) (DE # 11).

A status conference was held on July 27, 2010, wherein the Government requested a two-week continuance so that the competency evaluation of Mr. Castro Iser could be completed.

On August 4, 2010, the undersigned received a Forensic Evaluation signed by Rodolfo A. Buigas, Ph.D., a forensic exam coordinator at the Federal Bureau of Prisons, Federal Detention Center in Miami, Florida (DE # 17). The evaluation concluded, *inter alia*, that Mr. Castro Iser was incompetent to proceed and recommended that he undergo "competency restoration treatment." Thereafter, on August 11, 2010, the undersigned held a status conference wherein Counsel for the Defendant and Counsel for the Government agreed, based upon the determinations made in the Forensic Evaluation performed by Dr. Buigas, that no further forensic examinations were necessary, and that the Defendant was incompetent. The matter was therefore set for a competency hearing.

A competency hearing was held on August 26, 2010. Defendant Armando Castro Iser, his Counsel, and Counsel for the Government were present. The parties agreed that the Court could make a competency determination based upon the written Forensic Evaluation prepared by Dr. Buigas, and that live testimony from Dr. Buigas was not necessary. The undersigned concurred that because the written Forensic Evaluation was comprehensive in nature and sufficiently detailed, that in-court testimony by Dr. Buigas was not necessary. In addition, Mr. Castro Iser addressed the Court personally.

The parties also confirmed their agreement that the Defendant was not competent to proceed. At the conclusion of the hearing, the undersigned found, by a preponderance of the evidence, that the Defendant is not competent to proceed in this matter. This Order incorporates by reference the reasons stated on the record at the competency hearing, and briefly sets forth the relevant facts and the Court's analysis.

Mr. Castro-Iser was designated for evaluation at the Federal Detention Center in Miami on June 21, 2010, and was under evaluation by Rodolfo A. Buigas, Ph.D., for approximately thirty days. As part of the evaluation, Dr. Buigas obtained background information pertaining to Mr. Castro Iser, including his criminal and mental health history, as well as documents regarding the presently pending Complaint. In addition, during the period of evaluation, Mr. Castro-Iser was observed by various members of the psychology staff and was administered a number of psychological tests. Specifically, the following tests and procedures were used: Clinical Interviews, Mental Status Examination, Comprehensive Test of Nonverbal Intelligence - Second Edition; Minnesota Multiphasic Personality Inventory - Second Edition, and the Georgia Court Competency Test - Mississippi State Hospital.

The written Forensic Evaluation sets forth the results of those tests in detail, which is incorporated by reference. Dr. Buigas noted that the Defendant appeared to be experiencing symptoms of active, serious mental illness. Dr. Buigas diagnosed the Defendant with Psychotic Disorder, Not Otherwise Specified; and Adult Antisocial Behavior. The Defendant was impaired in a variety of domains, including social, occupational and legal functioning. With respect to the Defendant's factual and rational understanding of the nature and consequences of the legal process as well as his ability to assist with his defense, Dr. Buigas provided the following analysis:

> **Despite his semi-cooperativeness with the evaluation, the defendant appears to have some degree of factual understanding of the legal process. He is able to relay that his charges involved threats to the President and other persons. The defendant also displayed some level of understanding of the adversarial nature of the proceedings, denying the offense to the Secret Service agents and rationalizing his behavior during the current evaluation. It is unclear as to the defendant's understanding of the various legal roles. He failed to complete an objective measure of knowledge and abilities related to trial competency (i.e., GCCT-MSH). Furthermore, his rational understanding of the legal process appears impaired. The defendant often verbalizes irrational claims related to his legal situation such as he was supposed to have been released. Finally, the defendant does not currently have the ability to assist in a meaningful way with his own defense. The defendant is not able to maintain an adequate association in his responses often discussing irrelevant themes and being unable to focus on more relevant issues. The defendant also demonstrates labile affect which would likely adversely impact his relationship with his attorney upon any point of disagreement or discontent.**
>
> **. . . .**
>
> **In summary, the defendant's factual knowledge, including understanding of his charge and of courtroom procedure, is marginal. His rational understanding and appreciation of the proceedings against hm appears to be adversely impacted by an active thought and mood disturbance. Additionally, the defendant would not be able to assist in his defense even if motivated. Therefore, it is the opinion of this examiner that Mr. Castro-Iser is incompetent to proceed. It is recommended that Mr. Castro-Iser undergo mandatory competency restoration treatment.**

(DE # 17, Forensic Evaluation at 8 - 9).

The undersigned further notes that the opinions expressed in the Forensic Evaluation were corroborated by the Court's own observations of the Defendant in Court. Specifically, when the Defendant addressed the Court, he was rambling, disorganized, difficult to understand and seemingly had great difficulty in comprehending the proceedings.

Accordingly, this Court, having carefully considered the Forensic Evaluation submitted, as well as the colloquy with the Defendant and the Counsel for the defendant and the United States, finds by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Title 18, United States Code, Section 4241, entitled, "Determination of mental competency to stand trial to undergo postrelease proceedings," provides, in pertinent part,

> (d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;
> whichever is earlier.

>If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

Therefore, pursuant to this section, because the Court has determined that the Defendant is not competent to proceed in this matter, it is hereby

ORDERED:

1.  Pursuant to 18 U.S.C. § 4241(d), the defendant, Armando Castro Iser, is committed to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to proceed.

2.  The Attorney General, through the United States Attorney's Office, shall file monthly reports concerning the defendant's status and provide copies to counsel of record, with the first report being due on September 16, 2010.

3.  The period of time during which the Defendant's competency is being determined pursuant to 18 U.S.C. § 4241, is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** in Miami, Florida, on September 3, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
   **Counsel of Record**
   **Bureau of Prisons**
   **U.S. Marshals Service**